LOVE v. LOVE.

1. REFERENCE—JURISDICTION.—Under consent order of reference in law case, providing that "The report of the referee to have the same force and effect as to questions of fact only as in actions in chancery, and to be subject to exceptions and review," this Court on appeal can review the facts as in chancery case.

2. TITLE—REAL ESTATE.—FINDING OF FACT by Circuit Judge as to title to land under consent order of reference providing for trial of case as cause in chancery, sustained.

Before BENET, J., Cherokee, May, 1899.    Affirmed.

Action by Peyton B. Love against J. G. Love *et al.*    Jno. T. Darwin and Ada I. Perry appeal.

*Messrs. W. D. deLoach* and *W. W. Lewis,* for appellants, cite: *Rules of law applicable to titles to minerals, same as those applying to title to soil:* 27 S. C., 309; 50 S. C., 161; 26 S. C., 608. *No proof of title in respondents, because no proof of judgment, decree or sale:* 25 Fla., 889; 14 S. C., 480; 18 S. C., 328. *Rule where both claim from common source:* 26 S. C., 160.

*Messrs. J. E. Webster* and *Ralph K. Carson,* contra, cite: *No error in admitting transcript of judgment:* Rev. Stat., 2352; 14 S. C., 403; 10 S. C., 278.

April 28, 1900.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The appellants filed a petition for a rehearing in this case, on the ground that the Court, in rendering its opinion, failed to consider the question raised by the exceptions.    The main question which was argued before the special master and likewise before the Circuit Judge was whether the testator, in disposing of the gold interest in a tract of land known as "Flint Hill Gold Mine," meant the upper tract, containing 144 acres, or the entire tract, containing 288 acres.    The special master found as a fact that

the description embraced only the upper tract, containing 144 acres. This finding, however, was reversed by the Circuit Judge, who decided that the description likewise covered what is known as the lower tract, containing 144 acres.

The pleadings are not set out in the record, and the statement of the issues is very meagre. This Court was under the impression that the exceptions raised the issue hereinbefore mentioned, but it was mistaken, as the practical question presented by the exceptions was whether the appellants or E. A. Brown and Jane Cudd and Carrie J. Carpenter owned the one-fifth mineral interest in the 144 acres of land known as the lower half of the "Flint Hill Gold Mine" tract.

The special master states the following facts in his report: "This is an action brought by the plaintiff, Peyton G. Love, to partition the gold interest in a tract of land known as the 'Flint Hill Gold Mine,' situated in Cherokee County. The facts of the case briefly are as follows: In 1854, John B. Darwin, under whom all the parties to this action claim, died, leaving a last will and testament, in which he directed, among other things, that his gold mines in Union District (now Cherokee County), be kept leased out, and the profits be retained by his executors as a general fund to be divided among his heirs. He further directed that his lands in Union County be divided into two tracts—the upper being devised to E. D. Darwin, the lower to Dr. R. R. Darwin, each containing 144 acres. At that time the upper tract had shafts on it sunk by miners, and all the work that had been done on the place, up to that time, was on that tract. No mining up to the present time has been carried on on the lower tract, except the testimony of one witness shows a pit to have been sunk by a farmer by way of prospecting. In 1871, the executors of John B. Darwin, without authority under the will, conveyed 'all the right, title and interest of the said John B. Darwin, deceased, in the gold mine known as the "Flint Hill Gold Mine," situated in the county of Union, to J. G. Love, sr., R. R. Darwin, M. V. Darwin, Elsie Darwin and D. A. Chamblin.' As all the parties hereto claim

under and through this deed, it is not and cannot be questioned herein. In 1878, the interest of R. R. Darwin in the lower tract, containing, as stated, 144 acres, was sold by the sheriff of Union County, and neither in the levy nor in the deed is anything said about this tract being a part of the 'Flint Hill Gold Mine' tract. This lower tract seems now to be the property of the defendants, Mrs. W. C. Carpenter, Mrs. J. H. Cudd and Mrs. E. A. Brown, a complete chain of title thereto having been made out by them in the testimony * * * R. R. Darwin died intestate in 1892, leaving as his heirs at law the defendants, Dr. John T. Darwin, and his sister, Mrs. Ada I. Kennedy."

The Circuit Judge overruled all the exceptions to the report of the special master except that which assigned error in the finding of fact that "Flint Hill Gold Mine" includes the gold interest only in the upper tract of 144 acres. The order of reference provided that the special master should report all issues of law and fact. The order of reference also contained the following provisions: "The report of the said referee to have the same force and effect as to questions of fact only as in actions in chancery, and to be subject to exceptions and review." Under the said agreement, this Court can review the facts and render judgment as in chancery case.

The first, second and fifth exceptions allege error on the part of the Circuit Judge as follows: "I. For error of law in concluding that Carpenter, Cudd and Brown had made out a complete chain of title to the lower tract of 144 acres of land, as described in sheriff's deed to P. B. Darwin. II. For error of law in not finding that Carpenter, Cudd and Brown had failed to establish title to the one-fifth mineral interest in the 144 acres of land known as the lower half of the 'Flint Hill Gold Mine;' but that the same belonged to John T. Darwin and Ada I. Perry. V. For error of law in failing to find that J. T. Darwin and Ada I. Kennedy had shown better title to the one-fifth interest in the mineral in the lower tract of 144 acres than Carpenter,

Cudd and Brown, and that said John T. Darwin and Ada I. Kennedy owned said one-fifth interest." The appellants are in possession of the land mentioned in the exceptions, and upon the trial in the Circuit Court the burden of proof was on the respondents to show that they had a better title than the appellants, but in this Court it is incumbent on the appellants to show by the preponderance of evidence that there was error. *Sloan* v. *Gibbes,* 56 S. C., 480. The respondents offered in evidence judgment roll in the case of Moses White against H. M. Moore and R. R. Darwin, filed 25th March, 1869. On the 5th day of January, 1878, execution was issued upon a transcript of said judgment. Peyton B. Darwin purchased shortly thereafter the interest of R. R. Darwin in the lower tract aforesaid. He conveyed it to A. Frank Smith on the 25th January, 1882. Under a judgment of foreclosure against A. Frank Smith, the said land was sold to H. A. Brown, Jane N. Cudd and Carrie J. Carpenter, on the 7th day of March, 1892. They thus acquired the legal title to the said land.

The appellants, however, attempted to show that they are the owners of the lower tract, for the reasons set forth in their fourth exception, which is as follows: "IV. For error in finding that the possession of R. R. Darwin and his heirs of one-fifth of the mineral interest in the lower tract of 144 acres was not such open, notorious, peaceable and continuous possession, under the statute, as could ripen into title, when he should have held that the possession of the said parties of the one-fifth mineral interest therein had been open, peaceable and notorious, adverse and continuous under color of title, and had ripened into title." After carefully considering the testimony, this Court has reached the conclusion that the appellants have failed to show by the preponderance of the testimony that there was error in the said finding.

The third exception assigned error as follows: "III. For error of law in admitting the transcript in case of P. B. Darwin *v.* R. R. Darwin *et al.,* to prove title in Carpenter, Cudd and Brown." This exception fails to specify in what

respect the Circuit Judge committed error, and, therefore, will not be considered. Perhaps the appellant intended to abandon it, as it was not argued.

The sixth exception is as follows: "VI. For error in failing to order that the mineral interests in the upper and lower portions of the 'Flint Hill Gold Mine' be sold separately, having previously held that Carpenter, Cudd and Brown had no interest whatever in the upper portion of said mineral interest." The exception seems to have been taken under a misapprehension, as the Circuit Judge concludes his decree as follows: "Let the proper orders for sale and partition of the premises be taken in accordance with this decretal order." The Circuit Judge did not decide in what manner the property was to be sold.

As the petition for a rehearing points out the issue presented by the exceptions, and as the Court does not desire further argument thereon, it sees no necessity for granting a rehearing. The issue between the appellants and respondents is disposed of in this opinion, which will be substituted for the one heretofore filed, and that will be withdrawn.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.